UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARIQ BELT, :
:
        Petitioner : No. 4:CV-10-1902
:
  vs. : (Complaint Filed 09/10/10)
:
WILLIAM SCISM, Warden, : (Judge Muir)
:
        Respondents :

## MEMORANDUM AND ORDER

September 16, 2010

### Background

Petitioner, an inmate at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, ("LSCI-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as the sole respondent is LSCI-Allenwood Warden, William Scism.

Petitioner states that as a result of being found guilty of a misconduct for Extortion/Blackmail, he was sanctioned to a loss of 27 days good conduct time and a disciplinary transfer. (Doc. 1, complaint). He claims that the disciplinary transfer is in violation of the sentencing court's December 8, 2005 Judgement and Commitment Order which states the following: "the court makes the following recommendations to the Bureau of Prisons: That the defendant

be placed in a facility consistent with his security level that is as close as possible to the Baltimore metropolitan region." (Doc. 1, copy of Order). Thus, petitioner files the instant petition for writ of habeas corpus in which he "respectfully requests issuance of the writ to require the undoing & rescinding of the recommendation of LSCI-Allenwood & Office of Warden which improperly recommends transfer to an institution above low security and also to require any further recommendation to harmonize with 'J&C' copy by recommending only institutional transfers to those places consistent with petitioner's security total and which are as close to Baltimore as possible." (Doc. 1, complaint).

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

2

relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir.), <u>cert. denied</u>, 400 U.S. 906 (1970). <u>Accord</u> <u>Love v. Butler</u>, 952 F.2d 10, 15 (1st Cir. 1991). The <u>Allen</u> court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973). In the instant petition, Belt is not challenging the legality of his present incarceration, nor is he challenging the underlying disciplinary hearing which resulted in his loss of good time credit and disciplinary custody. Rather, he seeks simply to be transferred to a facility close to the Baltimore area.

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983). Nor does plaintiff have a protected liberty interest in remaining in the general prison population. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997)(holding disciplinary confinement for as long as fifteen months does not deprive an inmate of a liberty interest and thus does not entitle inmate to procedural due process protections.) In Montanye v. Haymes, 427 U.S. 236, 242 (1976), the Supreme Court held that the Fourteenth Amendment's Due Process Clause does not require a hearing in connection with a transfer whether or not it is the result of the inmate's misbehavior or may be labeled as disciplinary or punitive. The inmate in Montanye had been removed from his position as inmate clerk in the law library. Id. at 237. Shortly thereafter, he was transferred to another institution after he was caught circulating a petition to a federal judge signed by eighty-two other prisoners protesting the inmate's removal from his position. Id. at 237-38. The Court stated that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not

4

otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Id. at 242.

With respect to federal prisoners, the Bureau of Prisons has the power, pursuant to 18 U.S.C. § 3621(b), to "transfer a prisoner from one facility to another at any time." Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 n.3 (10th Cir. 1992), cert. denied, 510 U.S. 830, 114 S. Ct. 98 (1993); Cardenas v. Wigen, 921 F. Supp. 286, 291 (E.D. Pa. 1996). Section 3621(b) authorizes the Bureau "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). "If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive or less accessible facility". Ali v. Gibson, 631 F.2d 1126, 1135 (3d Cir. 1980).

Moreover, a challenge to a custody/security classification by the BOP, however, is also not a proper ground for federal habeas relief. Jimenez v. Fanello, Civil No. 99-1596, slip op. at 4 (M.D. Pa. Sept. 20, 1999)(Munley, J.). Accordingly, "habeas corpus is not an appropriate or

5

available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1992). An appropriate Order accompanies this Memorandum Opinion.



Dated: September 16, 2010     s/Malcolm Muir
                                        MUIR
                                        United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARIQ BELT,  :
 :
      Petitioner  :  No. 4:CV-10-1902
 :
  vs.  :  (Complaint Filed 09/10/10)
 :
WILLIAM SCISM, Warden,  :  (Judge Muir)
 :
      Respondents  :

### ORDER

September 16, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

                                     s/Malcolm Muir
                                     MUIR
                                   United States District Judge